*166
 
 Nash, J.
 

 We concur with his Honor in his opinion. The arbitrators decide, that upon a careful examination of the evidence, they decide that W. A. Whitfield, the lessor of the plaintiff, in purchasing the land at the sheriff’s sale made under an execution against the defendant, Hatch Whitfield, issued on a judgment obtained by him against said Hatch, had been guilty of a fraud, and that the suit should be dismissed at the costs of the lessors of the plaintiff. In effect it is an award that a judgment of non-suit should be entered by the Court against the lessors of the plaintiff. This is a definite and distinct judgment, pronounced by the arbitrators upon the case, as submitted to them, and was certain and conclusive so far as this action was concerned. In
 
 Blanchard
 
 v.
 
 Lilly,
 
 and
 
 Rex
 
 v.
 
 Blanchard,
 
 9th East, an award directed that certain actions should be discontinued, and each party should pay his own costs, it was decided that the award was final and good, it being in effect an award of a
 
 stet ante-processns. Hartwell
 
 v.
 
 Hill,
 
 Forrest 73. There is, however, a fatal objection to the Court giving a judgment upon this part of the award. The arbitrators state, that at the time they made the award, James Herring was dead. His deáth was a revocation of the submission, so far as he was concerned. It is answered, however, by the defendant, that John JDoe, is, in law, the plaintiff, and as
 
 he
 
 never dies, the trial of an ejectment is not delayed, nor the case abated by the death of his lessor. This, in practice, is true. The action of ejectment is pretty much a fiction, resorted to by the Courts to try the right of possession to land, and John Doe is a fictitious person. But the Courts never will suffer their own fictions to work a positive wrong. The question is not here, as to the abatement of the suit, or of the demise from James Herring, but it is of the revocation of a power given by him to certain persons, to try a certain cause ; and it cannot admit of a doubt, that the power of an arbitrator is determined by the death of the party to the submission or any
 
 *167
 
 one of them- 2
 
 Tidd’s Pr.
 
 877. 2
 
 Chit. Pr.
 
 432. The Court, therefore, cannot give judgment for the defendant upon this portion of the award. Neither can the Court give judgment upon that portion, which, as the arbitrators tell us, was the result of an equitable view of the case. It is not within this submission. When parties intend to submit all disputes, the terms of the reference ought to be, “ of all matters in difference between the parties,” and when the difference is intended to be of the matter embraced in a parti cnlar case, it should be, “ of all matters in difference in the cause,” or words to that effect.
 
 Smith
 
 v.
 
 Muller, 3
 
 Term R. 624. Of the latter character, is the order of reference in this case;
 
 this
 
 case is referred, &c. The case is one of ejectment, and there is nothing in the order, looking out of the case. With a view to settle all the differences between the parties, the arbitrators have assumed the jurisdiction of the Court of Equity, settled their accounts and adjusted balances, and ordered and directed the payment of the moneys adjudged by them. This was not within the scope of their authority, as exhibited in the order of reference. If there was any other reference, the parties must enforce the award by some appropriate action in the proper Court.
 

 The Court therefore cannot grant to the defendant any judgment upon the award, but in the language of his Honor
 
 below,
 
 “ leaves the parties to such remedies as they may respectively have thereon.”
 

 We see no error in the interlocutory judgment of the Court below.
 

 This opinion must be certified to the Superior Court of Wayne County,
 

 Per Curiam. Ordered accordingly.